STATE OF NORTH CAROLINA v. JAMES MICHAEL MEARS

No. 817SC293

(Filed 17 November 1981)

**Burglary and Unlawful Breakings § 4.1— evidence of fluorescent particles—immaterial—no testing procedures**

In a prosecution for breaking and entering and larceny where the stolen money had been dusted with an ultraviolet powder, the State's failure to establish the probative value of testimony regarding the presence of fluorescent particles on defendant's body rendered it immaterial and its admission erroneous as defendant presented evidence explaining the presence of fluorescent material on his body which was consistent with his innocence.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 25 November 1980 in Superior Court, NASH County. Heard in the Court of Appeals 12 October 1981.

Defendant was charged in a bill of indictment with breaking and entering and larceny.

Evidence presented by the State tended to show that sometime between the evening of 27 June 1980 and the morning of 28 June 1980, about $50 was taken from the vault of defendant's employer, Cummins Engine Company. Following earlier disappearances of cash from the vault, it had been

discovered that a pass key used by plant guards had been altered to permit access to the vault. The sheriff's office had been called in to investigate, and an officer had dusted the money contained in the vault with an ultraviolet powder. At the time the last shortage was discovered, defendant was on duty as a security guard for Cummins, and he was still on the premises when officers arrived to investigate. Defendant was met and questioned by an officer and the plant manager as he emerged from an employee rest room. He was taken into an office and exposed to an ultraviolet light which revealed fluorescent particles on his arms from the wrist to the shirt sleeves of his short-sleeved shirt and on his right rear pants pocket. A plastic bag containing about $50 was found above the ceiling of the rest room and smudges were found on the toilet seat where someone had apparently stood to hide the money. No tests or comparisons were made to link the smudges to the defendant or the fluorescent particles found on defendant to those in the vault. However, the court admitted the testimony of witnesses who observed the particles under ultraviolet light and said they were similar. No other evidence was presented which tended to place the defendant inside the vault at any time.

Defendant's testimony tended to show that the source of the fluorescent particles observed on his arms and pants was a product he had used on the day of his arrest to find a leak in his car's air conditioning system. Defendant had given this explanation to officers shortly after he was exposed to the ultraviolet light on the day of his arrest.

The jury returned a verdict of guilty of breaking and entering and defendant was sentenced to five years imprisonment. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood and Associate Attorney Evelyn M. Coman, for the State.*

*Evans and Rountree, by Charles S. Rountree, for defendant appellant.*

ARNOLD, Judge.

The major issue as presented by defendant in this appeal is whether evidence of fluorescent particles found on defendant's

body and clothing was erroneously admitted where none of the particles were retained for comparison or analysis.

The defendant argues that such evidence is "scientific" evidence requiring the State to establish relevance through proven testing procedures or "real" evidence which had to be preserved for comparison by the fact-finder. We agree that the evidence must fall into one of these categories, but find the issue to be more appropriately one of materiality than of relevance. Even conceding that the testimony meets the nominal test for relevance, the State's failure to produce any proof whatsoever that the presence of fluorescent particles was more consistent with guilt than with innocence renders the evidence immaterial.

The recent State Supreme Court holding in *State v. Bass*, 303 N.C. 267, 278 S.E. 2d 209 (1981), is directly on point. In *Bass*, the defendant's fingerprint was found at the scene of the crime. However, defendant presented a plausible explanation for its presence which made the fingerprint equally consistent with innocence as with guilt. Absent corroborative real or circumstantial evidence, the Court held the defendant was entitled to a nonsuit. Similarly, the defendant in the case at bar presented evidence explaining the presence of fluorescent material on his body which was consistent with his innocence. The State presented no evidence tending to refute this explanation and no other evidence which tended to place the defendant at the scene of the crime. Circumstantial evidence presented by the State to show the defendant had access to the vault and had been in the rest room where the money was found was insufficient to make defendant's guilt more likely than that of several other employees who likewise had access to the vault and rest room.

We hold, therefore, that the State's failure to establish the probative value of testimony regarding the presence of fluorescent particles on defendant's body rendered its admission erroneous. Moreover, this error prejudiced the defendant in that the other evidence presented by the State was insufficient as a matter of law to support the verdict. Accordingly, the judgment is

Reversed.

Chief Judge MORRIS and Judge BECTON concur.